*In re* RAFAEL S. CURRÁS FIGUEROA, querellado.

Número 101.
*Sometido:* 13 de enero de 1960. *Resuelto:* 19 de enero de 1960.

*Blanco Lugo & Souss* abogados del querellado.

RESOLUCIÓN

POR CUANTO el Procurador General de Puerto Rico, con fecha 21 de octubre de 1959, radicó una querella contra el abogado notario Rafael S. Currás Figueroa, imputándole los siguientes cargos:

"PRIMER CARGO: Durante el período indicado el querellado en diversas escrituras dejó de adherir y cancelar oportunamente sellos del Colegio de Abogados y de Rentas Internas por la suma de CINCUENTINUEVE DÓLARES ($59.00), en violación de lo dispuesto en la *sección 6 de la Ley Notarial,* 4 L.P.R.A. sec. 816, y la *sección 2 de la Ley Número 101 de mayo 12 de 1943,* 4 L.P.R.A. sec. 851.

"SEGUNDO CARGO: En el mismo período el querellado en más de 60 escrituras de protocolización de poder dejó de protocolizar adecuadamente (incorporar al protocolo) los correspondientes poderes que le fueron presentados con tal fin, y en una de dichas escrituras falsamente da fe de que incorpora a ésta el poder que le fuera presentado, todo en contravención del *artículo 4 de la Ley Número 62 aprobada el 8 de mayo de 1937*; 4 L.P.R.A. sec. 923.

"TERCER CARGO: Durante el mencionado período el querellado autorizó aproximadamente veinticinco escrituras en las cuales, al momento de la inspección del Inspector de Protocolos, no aparecían las firmas y/o las iniciales de algunos de los testigos u otorgantes, violando así las *secciones 9, 12 y 20 de la Ley Notarial,* 4 L.P.R.A. secs. 811, 822 y 830.

"CUARTO CARGO: En dicho período el querellado autorizó más de 65 escrituras en las cuales no indica la profesión de los otorgantes, y en algunas de ellas no identifica debidamente a los testigos instrumentales, en violación de la *sección 10 de la Ley Notarial,* 4 L.P.R.A. sec. 820.

"QUINTO CARGO: No menos de diecisiete (17) de las escrituras otorgadas ante el querellado durante el mismo período contienen entrerrenglonaduras y raspaduras, unas sin salvar y otras mal salvadas, contraviniendo lo dispuesto en la *sección 18 de la Ley Notarial,* 4 L.P.R.A. sec. 828.

"SEXTO CARGO: En varios de los protocolos comprendidos dentro de dicho período el querellado no insertó en la primera cara del primer pliego la nota de apertura, y en otras, aunque la insertó, no las firmó oportunamente. En algunos protocolos la nota de cierre contiene errores en el cómputo de los folios: en uno (1950) no se hizo cómputo alguno, y en otros la nota no se ajusta a los términos de la ley; todo ello en violación a la *sección 30 de la Ley Notarial,* 4 L.P.R.A. sec. 839.

"SÉPTIMO CARGO: En la gran mayoría de las escrituras de las cuales libró copias durante el período mencionado el querellado, al hacerlo constar por nota en el original de la escritura, no consignó el nombre de la persona a quien fue librada, contraviniendo así la *sección 25 de la Ley Notarial,* 4 L.P.R.A. sec. 835.

"OCTAVO CARGO: En más de seis (6) escrituras otorgadas, ante el querellado durante ese período se firmó a ruegos de otorgantes que no sabían o no podían firmar, pero no se indicó

tal motivo ni en el cuerpo de la escritura ni por el testigo en antefirma. En la escritura número 23 del Protocolo correspondiente al año 1950 el querellado dice expresamente que una de las otorgantes firma y pone sus iniciales y luego, sin dar explicación, aparece un testigo firmando a ruegos de ella y ésta poniendo sus huellas, después de firmada la escritura por el notario, aunque vuelven y firman otra vez, violando con todo ello la *sección 14 de la Ley Notarial,* 4 L.P.R.A. sec. 824.

"Noveno cargo: Cuatro escrituras de las incorporadas al protocolo correspondiente al año 1949 fueron mutiladas durante el proceso de encuadernación, y la firma de algunos testigos están incompletas como resultado de dicha mutilación, todo en violación de la *sección 32 de la Ley Notarial de marzo 8 de 1906.*

"Décimo cargo: Con posterioridad a la radicación del informe del Inspector de Protocolos ante este Honorable Tribunal, en el cual se señalaban numerosas irregularidades, y estando los protocolos ya en poder del Archivero General, el querellado procedió a corregir muchas de dichas irregularidades e hizo estampar iniciales y firmas de otorgantes y testigos en violación de las *secciones 15 y 18 de la Ley Notarial,* 4 L.P.R.A. secs. 825 y 828."

Por cuanto el Procurador General considera que el querellado ha realizado actos que evidencian una conducta impropia y altamente censurable en el ejercicio del notariado, y solicita que previo los trámites legales correspondientes, se aplique al referido querellado la acción disciplinaria o correctiva que el Tribunal crea apropiada de acuerdo con las circunstancias concurrentes.

Por cuanto el querellado Rafael S. Currás Figueroa radicó el 8 de enero de 1960 la siguiente contestación a la querella:

"Alegaciones Generales

"1. Admite los hechos alegados en el párrafo primero de la querella.

"2. Del párrafo segundo de la querella admite que durante el período comprendido entre los años 1948 a 1956, ambos inclusive, el querellado, actuando en su capacidad como notario, incurrió en faltas e irregularidades, pero niega que ello obedeció a una actitud de menosprecio a la ley.

"3. A los fines de la contestación a los cargos específicos formulados, el querellado hace constar que a través de sus abogados suscribientes se ha limitado a examinar los instrumentos públicos a que se refiere el escrito de fecha 7 de diciembre de 1959 denominado 'Escrito de Especificaciones', para determinar las deficiencias, errores e irregularidades que han sido corregidos o subsanados.

## "Alegaciones Específicas en Cuanto a los Cargos Formulados

"Como resultado de la investigación practicada según se ha expuesto en el párrafo tercero de las alegaciones generales, el querellado, en contestación a los cargos específicos, EXPONE:

"Primer cargo:

"Admite los hechos alegados y afirmativamente alega que, no obstante la manifestación contenida en el informe del Inspector de Protocolos de fecha 6 de agosto de 1958 al efecto de que con posterioridad a la investigación realizada se adhirieron y cancelaron los sellos de rentas internas que faltaban, una inspección efectuada demuestra que aún faltan por cancelar derechos por valor de $17.25, según aparece del anexo A que se une a esta contestación. A los fines de no causar perjuicio a la Hacienda Pública se acompañan los sellos correspondientes para que este Honorable Tribunal ordene al Archivero de Distrito en cuya posesión se encuentran los protocolos del querellado que los adhiera y cancele en los instrumentos públicos indicados. (4 L.P.R.A. sec. 1020).

"Segundo cargo:

"Admite los hechos alegados y afirmativamente alega que la deficiencia apuntada fue corregida en cuanto a las escrituras de protocolización de poder que se relacionan a continuación,[1] y que ha realizado diligencias —sin éxito alguno—para subsanarla en cuanto a los demás documentos.

"Alega además que en los poderes que se omitió unir al acta de protocolización aparecen transcritos en la correspondiente

---

[1] A pesar de que en el segundo informe del Inspector de Protocolos se hace constar que la deficiencia apuntada fue corregida en cuanto a las escrituras número 47 de 1951; número 124, 216 y 246 de 1949, y número 6, 13, 19 y 159 de 1948, un examen de dichas escrituras revelará que la omisión apuntada no ha sido subsanada adecuadamente.

escritura, por lo cual estima que no han resultado perjudicados en forma adversa los derechos de los interesados o de terceras personas.

"La deficiencia apuntada fue corregida en cuanto a las siguientes escrituras:

| "Año | "Número de la Escritura |
|------|------------------------|
| "1953 | "50 |
| "1951 | "69 |
|  | "84 |
|  | "111 |
|  | "121 |
|  | "151 |
|  | "164 |
| "1950 | "107 |
|  | "113 |
|  | "131 |
|  | "167 |
| "1949 | "165 |
|  | "194 |
|  | "195 |
|  | "207 |
| "1948 | "17 |
|  | "93 |

"Se aclara además que las siguientes escrituras que se incluyeron en las especificaciones del segundo cargo, no son de protocolización de poder: Escrituras número 59 y 134 de 1953, y número 123 de 1950.

"Se admite, además que en la escritura número 60 de 1954 el querellado dio fe de que incorpora a ésta el poder que le fuera presentado con tal fin sin que este hecho sea cierto.

"TERCER CARGO:

"Admite los hechos alegados, pero afirmativamente alega que a esta fecha la deficiencia apuntada ha sido corregida con excepción del primer folio de la escritura número 23 de 1950 en que aún faltan las iniciales del testigo Eduardo Félix quien firmó a ruego de uno de los otorgantes.

"Se alega, además, que la deficiencia apuntada no produce la nulidad de los instrumentos públicos afectados.

"Cuarto cargo:

"Admite los hechos alegados, con las siguientes aclaraciones:

"1. Las escrituras número 52 y 61 de 1948 y las número 23, 28 y 195 de 1950 no adolecen de la deficiencia apuntada.

"2. La deficiencia apuntada en el cuarto cargo se refiere exclusivamene a la omisión del notario de consignar la profesión de algunos de los otorgantes, con excepción de las escrituras número 127 y 162 de 1950 y número 2 de 1948 en las cuales se omitió indicar la mayoridad de algunos de los otorgantes.

"En cuanto a la indebida identificación de uno de los testigos instrumentales en la escritura número 28 de 1950, se admite que se omitieron algunas circunstancias personales ya que el notario se limitó a decir al referirse al testigo 'sin excepción, de esta vecindad y sin tacha legal para serlo'.

"Se alega además que esta omisión no produce la nulidad de los instrumentos públicos afectados.

"Quinto cargo:

"Se admiten los hechos alegados, y afirmativamente se alega que con excepción de las escrituras número 246 de 1949 y 32 de 1948, la deficiencia apuntada ha sido corregida.

"Se alega, además, que la escritura número 75 de 1948 no adolecía de la deficiencia apuntada.

"Sexto cargo:

"Se admiten los hechos alegados, pero se alega afirmativamente que las deficiencias apuntadas han sido corregidas, con excepción de que el segundo tomo del protocolo del año 1949 no tiene nota de apertura.

"Séptimo cargo:

"Se admiten los hechos alegados, pero se alega que la deficiencia apuntada no existe en cuanto a la escritura número 16 de 1956, la escritura número 1 de 1954 y la escritura número 18 de 1955.

"Octavo cargo:

"Se admiten los hechos alegados en este cargo, pero se alega afirmativamente que la deficiencia apuntada ha sido corregida, con excepción de las escrituras número 33 y 39 de 1951.

"Noveno cargo:

"Se admiten los hechos alegados, pero se alega que la deficiencia apuntada no afecta la validez de los instrumentos públicos a que se refiere dicho cargo.

"ALEGACIONES ADICIONALES

"Como alegaciones adicionales el querellado expone que:

"1. Admite la gravedad de las faltas cuya comisión se le imputa y que no ha procedido con el mayor celo ni ha cumplido estrictamente con la ley y con los deberes que ésta le impone, pero alega que no ha tenido propósito fraudulento alguno ni intención de desviar los fines de la justicia; que en los actos imputados no ha tenido el deliberado propósito de recibir lucro personal indebido para sí o para cualquier otra persona, y finalmente, que se obliga solemnemente a reparar cualquier perjuicio que cualquier persona haya sufrido o sufra con motivo de su conducta.

"2. Que el querellado no se ha dedicado a la práctica del notariado desde el día 18 de mayo de 1959, fecha desde la cual ha estado de hecho suspendido en el ejercicio de la misma.

"3. Que invoca la discreción de este Honorable Tribunal para que, consideradas todas las circunstancias apuntadas, se le discipline mediante la imposición de una multa, ya que de permitírsele continuar en el ejercicio del notariado, se dispone a observar bien y fielmente las disposiciones de la ley.

"4. Finalmente, y a los fines de evitar que este Tribunal dedique su ocupada atención a este asunto y con vista de la aceptación de los hechos según aparece de la presente contestación, somete la querella sin necesidad de la celebración de vista para que se disponga según a juicio del Tribunal fuere procedente."

POR CUANTO las actuaciones del querellado denotan descuido craso y negligencia inexcusable en el ejercicio del notariado;

POR TANTO, el Tribunal censura las actuaciones del querellado Rafael S. Currás Figueroa en el ejercicio descuidado y negligente de su profesión de notario, y atendidas las circunstancias concurrentes en este caso, lo suspende en el ejercicio del notariado por el término de un año, a contarse desde el día 27 de mayo de 1959, fecha desde la cual no ejerce como notario por no habérsele aprobado la fianza notarial prestada en dicho día por la Great American Insurance Company para garantizarlo en el ejercicio de su profesión de notario.

Lo acordó el Tribunal y firma el Sr. Juez Presidente.