## *In re* JOSÉ ANTONIO LICEAGA, querellado.

Número 100.

*Reasignado:* 6 de febrero de 1961.   *Resuelto:* 10 de marzo de 1961.

*Carmen L. Santini* y *Enrique Belén Trujillo*, abogado del querellado; *J. B. Fernández Badillo, Procurador General, William Fred Santiago, Procurador General Auxiliar*, y *Gerardo Méndez Correa, Fiscal Especial*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El querellado José Antonio Liceaga fue admitido al ejercicio de la profesión de abogado en 24 de febrero de 1950. Desempeñó el cargo de Juez de Distrito desde el 16 de abril de 1951 hasta el 30 de septiembre de 1957, fecha en que fue efectiva la renuncia por él presentada. Los hechos a que nos referiremos a continuación ocurrieron mientras el querellado ocupó el cargo de Juez de Distrito de Carolina.

El 1 de septiembre de 1959, y en cumplimiento de nuestra resolución del día 18 de mayo anterior, el Procurador General de Puerto Rico formuló una querella contra el abogado Liceaga imputándole los siguientes cargos:

"PRIMER CARGO

"Que mientras desempeñaba el cargo de Juez del Tribunal de Distrito de Puerto Rico, Sala de Carolina, y dentro del período comprendido entre el 13 de octubre de 1956 a 13 de septiembre de 1957 sentenció e impuso multas y costas a varios

acusados en el momento en que le eran sometidos distintos casos para determinación de causa probable sin haber sido radicada denuncia alguna, habiéndose apropiado para su propio uso y beneficio de las cantidades de $577.25 por concepto de multas y costas impuestas en forma ilegal; dinero que fue reembolsado a la Secretaría del Tribunal días antes de ser efectiva su renuncia, apareciendo de los expedientes que dichas sentencias fueron impuestas el día 13 de septiembre de 1957, fecha en que el querellado disfrutaba de vacaciones y el Tribunal no celebraba sesión alguna en la ciudad de Carolina; constituyendo dichos actos una conducta inmoral e impropia de un abogado que actúa en función de juez.

### "Segundo cargo

"Que el querellado tomó dinero prestado al señor Manuel Fernández Corujo, quien estaba acusado de una infracción a la Ley de Pesas y Medidas, caso que se iba a ventilar ante él y le era de su conocimiento tal hecho. El señor Fernández Corujo fue absuelto y el dinero que el querellado le tomó prestado aún no ha sido pagado, constituyendo este hecho una conducta inmoral e impropia de un abogado que actúa en función de juez."

Contestó el querellado, y negó que la conducta que se le imputaba fuere inmoral e impropia, y en relación con el primer cargo, específicamente negó que se hubiese apropiado "para su propio uso y beneficio" el importe de multas y costas que impusiera en la forma descrita en dicho cargo. Designamos al Hon. José M. Calderón para que recibiera la prueba y nos sometiera un informe con sus determinaciones de hecho. El informe fue presentado, y con excepción de los reparos levantados por el querellado a que nos referiremos posteriormente, ha sido aceptado por las partes.

### I

En primer término, y aunque no ha sido planteado por el querellado, debemos considerar si, dentro de nuestra función de disciplinar la profesión legal, constituye suficiente causa para el desaforo la conducta inmoral e im-

propia en que haya incurrido un abogado mientras desempeñaba el cargo de juez, o con ocasión de sus funciones como tal.

La separación del ejercicio de la abogacía, igual que la admisión a ese ejercicio, es facultad inherente del Tribunal Supremo de Puerto Rico. *In re Pagán*, 71 D.P.R. 761 (1950); *In re Abella*, 67 D.P.R. 229 (1947); *In re González Blanes*, 65 D.P.R. 381 (1945); *In re Bosch*, 65 D.P.R. 248, 251 (1945); *Ex parte Jiménez*, 55 D.P.R. 54 (1939). Por eso, las causas que para el desaforo decreta la Legislatura (1) no excluyen nuestra facultad para ordenar la separación de un abogado por otros motivos, *In re González Blanes*, supra, que "incluye cuantos motivos justos puedan imaginarse". *In re Tormes*, 30 D.P.R. 267. Ello es así, entre otras cosas, porque el propósito del procedimiento de desaforo no es castigar al abogado por la falta cometida, sino proteger a la comunidad y a la profesión mediante una investigación de sus condiciones morales para determinar si puede continuar en la práctica. El criterio que controla es uno de profilaxis social; de ahí que la causa del desaforo o suspensión no tenga necesariamente que surgir con motivo de la

---

(1) La sección 9 de la Ley de 11 de marzo de 1909 (Leyes, pág. 97, 4 L.P.R.A. sec. 735) enumera como causas para desaforo o suspensión la convicción por engaño, conducta inmoral (malpractice), delito grave, delito menos grave cometido en conexión con el ejercicio de la profesión, o cualquier delito que implique depravación moral; *In re Hernández Vallé*, 79 D.P.R. 34 (1956); la sección 10 (4 L.P.R.A. sec. 736) de dicha ley se refiere al engaño o colusión, o a consentir cualquier engaño o colusión con la intención de engañar al Tribunal o a una parte; la sección 11 (4 L.P.R.A. sec. 742) establece como causa para la destitución la adquisición, sujeto a ciertas excepciones, de una cosa litigiosa con el propósito de entablar un pleito; la sección 7 de la Ley Núm. 17 de 10 de junio de 1939 (Leyes, pág. 51, 4 L.P.R.A. sec. 740) alude como causa de desaforo el hecho de cualquier abogado autorizar con su firma escrituras, alegaciones y documentos en que dicho abogado no sea *bona fide* el verdadero abogado o notario del asunto o sustituto de dicho abogado o notario.

actividad profesional, sino que lo que se requiere es que afecte las condiciones morales del querellado.([2])

En *In re Abella*, 67 D.P.R. 229, 238 (1947) consideramos una situación similar al resolver un procedimiento de desaforo por conducta observada por el querellado mientras desempeñaba el cargo de Registrador de la Propiedad. Específicamente sostuvimos que la conducta impropia del querellado en el desempeño de dichos deberes es pertinente "para determinar si es digno de permanecer siendo miembro del foro" (a la pág. 239). Para la fecha en que se ventiló la querella Abella ya había cesado en su cargo de Registrador.

La mayoría de las jurisdicciones estatales ha adoptado la regla de que conducta impropia o inmoral observada por un abogado mientras desempeña el cargo de juez constituye causa suficiente para la separación del ejercicio de la profesión. En el reciente caso de *Gordon* v. *Clinkscales*, 114 S.E.2d 15 (Ga., 1960) se discute el fundamento de ambas reglas, y al favorecerse la de mayoría, se añade que si bien un juez no puede ser desaforado por los errores de apreciación que cometa en el ejercicio de su cargo, no importa cuan graves o evidentes sean, cf. *In re Watson*, 286 P.2d 254 (Nev., 1955), conducta que revele impreparación moral justifica su separación de la profesión. En el mismo sentido

---

([2]) Véanse, como casos ilustrativos de que la causa de desaforo no tiene que estar necesariamente relacionada con el ejercicio de la profesión: *State ex rel Hunter* v. *Marconnit*, 280 N.W. 216 (Neb., 1938) (corredor de bienes raíces); *In re Conner*, 207 S.W.2d 492 (Mo., 1948); *Oregon State Bar* v. *Schmalz*, 129 P.2d 825 (Ore., 1942) y *State ex rel Nebraska State Bar Ass'n* v. *Merten*, 7 N.W.2d 874 (Neb., 1938) (administrador judicial); *Clark* v. *State Bar*, 246 P.2d 1 (Cal., 1952) e *In re Rackoff*, 71 N.Y.S.2d 199 (1947) (tutor); véanse además, *In re Portnick*, 169 N.Y.S.2d 178 (1957), e *In re Shapiro*, 34 N.Y.S.2d 285 (1942) e *In re Bennethum*, 161 A.2d 229 (Del., 1960). Cf. *In re Currás Figueroa*, 81 D.P.R. 645 (1960), *In re Aponte*, 79 D.P.R. 3 (1956), en los cuales se suspendió únicamente del ejercicio del notariado. Véanse además, Gorman, *Attorneys, Private Misconduct as Ground for Disciplinary Action* (1955), 31 Notre Dame Law. 69; Bugliari, *Disbarment: Non-Professional Conduct Demonstrating Unfitness to Practice* (1958), 43 Cornell L.Q. 489; Mapel, *Extra-Professional Misconduct as a Ground for the Disbarment of an Attorney in Pennsylvania* (1958) 62 Dick. L.Rev. 268.

se pronuncian, entre otros, *State ex rel Nebraska State Bar Ass'n* v. *Wiebusch*, 45 N.W.2d 583 (Neb., 1951); *In re Williams*, 128 S.W2d 1098 (Mo., 1939); *In re McCarry*, 44 N.E.2d 7 (Ill., 1942) e *In re Stolen*, 214 N.W. 379 (Wis., 1927). Cf. *Court May Discipline State Attorney General for Professional Misconduct* (1960), 73 Harv. L. Rev. 779.

Resolvemos, por tanto, que conducta impropia e inmoral observada por un juez puede dar lugar a su desaforo o suspensión como abogado, aun cuando a la fecha de la iniciación de los procedimientos hubiese cesado como magistrado.

## II

■■ En el informe presentado, el Comisionado determinó que en adición al préstamo hecho al señor Manuel Fernández Corujo a que se alude específicamente en el segundo cargo, la prueba reveló que el querellado, durante su incumbencia como Juez de Distrito de Carolina, recibió dinero a préstamo de otras personas; que en dos ocasiones libró cheques sin tener fondos suficientes al momento de la expedición; y que intervino en una transacción de venta de un inmueble, y el producto de la venta que le fue confiado para su custodia no fue depositado en la Secretaría del Tribunal. ([3])

El querellado ha solicitado la eliminación de esta parte del informe porque "esa evidencia no se relaciona con los cargos expuestos en la querella y no fue objeto de evidencia hasta donde recuerde el querellado y sus abogados". En cuanto al segundo fundamento, baste decir que la propia declaración del querellado prestada ante el Fiscal investigador apoya suficientemente las determinaciones hechas por el comisionado. ([4]) Por el resultado final a que hemos llegado en la disposición de esta querella, se hace innecesario que

([3]) Informe del Comisionado, págs. 16 a 18, incl.

([4]) Declaración jurada del querellado José A. Liceaga, págs. 263–267, 281–288 y 298–300 (Exh. 2 del querellante), que el querellado también sometió como prueba (T. de E., pág. 48).

resolvamos si en ausencia de un cargo específico al efecto, podemos considerar prueba sobre otros actos y conducta del querellado que tiendan a justificar su exclusión del foro.(5)

## III

■■ El comisionado encontró probado el primer cargo imputado al querellado. Hemos examinado la evidencia ofrecida y estamos satisfechos de que la apreciación de dicho funcionario está ampliamente sostenida, y que ha quedado establecido que, mientras el querellado desempeñaba el cargo de Juez de Distrito de Carolina, sentenció e impuso multas y el pago de costas a dieciocho acusados en el momento en que los casos le eran sometidos por las autoridades policíacas para la determinación de causa probable, y cuando aún no se había formulado denuncia, y que el querellado conservó en su poder las cantidades que cobró por dicho concepto. Posteriormente reembolsó el importe cobrado e hizo figurar como fecha de la imposición de sentencia la del día en que efectuó la devolución.(6) En el apéndice A que unimos a esta opinión presentaremos un cuadro de los distintos casos en que esto ocurrió, al cual nos remitimos como una forma más gráfica de presentar el resultado a que llegamos después de analizar toda la prueba.

La conducta observada por el querellado es en extremo grave; hubiese sido causa suficiente para su separación como juez y le incapacita para continuar en el ejercicio de la profesión de abogado. Aun cuando el querellado restituyó las cantidades retenidas por él, no podemos menos que actuar

(5) Véase Gerding, *Rules of Evidence in Disbarment, Habeas Corpus, and Grand Jury Proceedings* (1960), 58 Mich. L.Rev. 1218.

(6) En sus determinaciones de hechos el comisionado establece, aparentemente guiado por la aceptación tácita de la contestación a la querella, que el querellado retuvo en su poder hasta el día 13 de septiembre de 1957 el importe de las multas "impuestas" en todos los casos así como las costas cobradas. Esta es la situación en cuanto a diecisiete casos, pero no en cuanto a los otros cinco casos. Véase el apéndice A de esta opinión. No encontramos que el querellado actuara incorrectamente en los casos T-57-1458 (Eugenio P. Sosa) y T-57-1627 (Emilia Claudio).

con todo rigor, ya que esta conducta tiende a desacreditar el concepto del público de la justicia y a menospreciar las condiciones morales que debe reunir todo abogado.

En cuanto al segundo cargo, deseamos consignar que la prueba no demuestra concluyentemente que la concesión del préstamo por el señor Fernández Corujo al querellado influyera en las determinaciones judiciales de éste dentro del proceso criminal que se ventilaba. La mera coincidencia de la absolución no puede dar base a la inferencia única de que haya relación entre la transacción de préstamo y la disposición final del caso.(7) Sin embargo, el querellado no debió intervenir en el caso del señor Fernández, y su conducta, al hacerlo, merece nuestra censura ya que por la posición que ocupa un magistrado en la comunidad, sus actuaciones deben responder a normas que estimulen la confianza y el respeto de sus conciudadanos y que alejen, en todo momento, la más leve sospecha de que en sus actuaciones intervienen otras influencias que no sean estrictamente los meritos de la causa que juzga. Aun cuando no constituya uno de los motivos expresos de inhibición, lo único que puede esperarse de un juez consciente de sus obligaciones y de la delicada función de administrar justicia, es que no intervenga en los asuntos en que pueda estar interesado, directa o indirectamente, la persona que le ha facilitado los préstamos. Sólo así podrá mantener la fe en la justicia que es esencial para nuestro sistema de vida .(8) Los jueces tienen la obligación de observar una conducta que tienda a conservar la confianza y el respeto que requiere el sistema judicial, especialmente

---

(7) Los testimonios del querellado (T. de E., págs. 12-13) y del testigo Lic. Abraham Freyre (T. de E., págs. 16–20) demuestran más bien que el acusado Fernández Corujo estuvo hábilmente representado; que su abogado planteó varias cuestiones de derecho; que el resultado del caso era dudoso; y que el querellado intervino para aconsejar al acusado que admitiera su culpabilidad, a lo que éste se negó.

(8) Cf. Canon VIII de los Cánones de Ética para la judicatura del Estado Libre Asociado (4 L.P.R.A. Ap. IV, C.VIII), vigente desde el día 24 de septiembre de 1957.

en los Tribunales de Distrito, que es donde los ciudadanos tienen un contacto más estrecho con la administración de justicia.

*Considerada la gravedad de los actos en que incurrió el querellado y de nuestra obligación de mantener la fe del pueblo en la justicia a los más altos niveles de responsabilidad pública, decretamos la separación del querellado José A. Liceaga del ejercicio de la profesión de abogado y ordenamos que su nombre sea eliminado de los registros de abogados.*

APÉNDICE A

| | Fecha de Radicación | Fecha Sentencia e Ingreso Multas | Fecha Cobro Multas y Costas | Número Recibo |
|---|---|---|---|---|
| T-56-738 Ramón Llanos Bultrón | 6/19/56 | 9/13/57 | 3/30/56 | 5104048 |
| T-56-739 Ramón Llanos Bultrón | 6/19/56 | 9/13/57 | 3/10/56 | 5104049 |
| T-56-1804 Jovino Ribot Piñero | 11/8/56 | 9/13/57 | 11/4/56 | 514046 |
| T-56-2050 Primitivo Millán Soto | 11/23/56 | 9/13/57 | 11/11/56 | 514044 |
| T-56-2051 Esther Pérez de Jesús | 11/23/56 | 9/13/57 | 11/11/56 | 514045 |
| T-56-2053 Andrés Rivera Marín | 11/26/56 | 9/13/57 | 11/19/56 | 514047 |
| T-56-2099 Julio García Díaz | 11/27/56 | 9/13/57 | 11/22/56 | 514035 |
| T-56-2237 Benicio E. Sánchez Rivera | 11/29/56 | 9/13/57 | 11/16/56 | 514043 |
| T-57-368 Andrés Torres Padilla | 10/26/56 | 9/13/57 | 10/13/56 | 514055 514056 |
| T-57-938 José Dolores Rosa Ponce | 3/25/57 | 9/13/57 | 3/19/57 | 514037 |
| T-57-1062 Angel R. Benítez Malpica | 4/23/57 | 5/22/57 | 4/9/57 | 448200 |
| T-57-1253 Marcial Tapia | 4/17/57 | 9/13/57 | 4/9/57 | 514050 |
| T-57-1259 Lorenzo Márquez | 4/17/57 | 9/13/57 | 4/9/57 | 515053 |
| T-57-1260 Lorenzo Márquez | 4/17/57 | 9/13/57 | 4/9/57 | 514051 |
| T-57-1261 Laura Roberto | 4/17/57 | 6/7/57 | 4/9/57 | 461527 |
| T-57-1263 Lorenzo Márquez | 4/17/57 | 9/13/57 | 4/9/57 | 514052 |
| T-57-1264 Lorenzo Márquez | 4/17/57 | 9/13/57 | 4/9/57 | 514054 |
| T-57-1266 Ramón Ortiz Ortiz | 4/17/57 | 9/13/57 | 4/7/57 | 514040 |
| T-57-1263 Daniel Pino | 4/17/57 | 9/13/57 | 4/7/57 | 514038 |
| T-57-1273 Lino Viera | 4/12/57 | 6/7/57 | 4/6/57 | 461526 |
| T-57-1274 Francisco Sabat | 4/12/57 | 6/7/57 | 4/9/57 | 461525 |
| T-57-3500 José A. Bloise Castro | 8/22/57 | 9/4/57 | 8/3/57 | |