JEANNETTE M. LÓPEZ SANTIAGO, *Ex parte*, peticionaria.

*Número:* MC-99-6 *Resuelto:* 30 de marzo de 1999

910

*Jeannette M. López Santiago, pro se.*

PER CURIAM:

I

El 16 de febrero de 1999 la Sra. Jeannette López nos solicitó su admisión al ejercicio de la abogacía sin necesidad de aprobar el examen de reválida general que administra la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía. En su petición la señora López Santiago expone que cumple con los requisitos de la Sec. 2 de la Ley para Regular la Admisión de Abogados al Ejercicio de la Profesión en Puerto Rico, Ley Núm. 17 de 10 de junio de 1939 (4 L.P.R.A. sec. 722), que dispone:

Toda persona admitida a ejercer la abogacía en la Corte Suprema de cualquier Estado o Territorio de los Estados Unidos, o del Distrito de Columbia, o en la Corte de Distrito de los Estados Unidos para Puerto Rico, que hubiera estado ocupado activamente en el ejercicio de la abogacía durante dos (2) o más años, incluyendo por lo menos un año de ejercicio en la Corte de Distrito de los Estados Unidos para Puerto Rico y que cum-

pliere con los incisos (1), (2), (3), y (4) de la sec. 721 de este título, podrá ser admitida a ejercer en las cortes de Puerto Rico, sin examen, dirigiendo a la Corte Suprema de Puerto Rico, una solicitud escrita haciendo constar bajo juramento todos los requisitos exigidos por las secs. 721 a 726, 740 y 741 de este título y presentando prueba al efecto.[1]

La peticionaria alega que cumple con los siguientes requisitos: es mayor de edad; residente de Cabo Rojo; recibió el grado de Juris Doctor de la Universidad de George Washington en 1983, la cual está acreditada por la American Bar Association; fue admitida, en 1984, a la práctica ante el Tribunal Apelativo del Distrito de Columbia, y desde 1989, fecha en que fue admitida a la práctica de la Corte de Distrito de Estados Unidos en Puerto Rico, ha ejercido activamente en dicha corte.

■ Al examinar su petición partimos de la premisa de que tenemos el poder inherente para fijar las condiciones y los requisitos que tiene que cumplir todo aspirante a una licencia de abogado en Puerto Rico. Igualmente tenemos la facultad inherente de reglamentar la conducta de la profesión. A tenor con estas facultades hemos resuelto que los requisitos establecidos por la Legislatura en la Ley para Regular la Admisión de Abogados al Ejercicio de la Profesión en Puerto Rico no nos limitan, y que dicha legislación es solo directiva y no mandatoria. *In re Abella*, 67 D.P.R. 229, 238 (1947); *In re Bosch*, 65 D.P.R. 248 (1945); *In re González Blanes*, 65 D.P.R. 381 (1945); *In re Pagán*,

---

[1] Debemos señalar que una lectura integrada de las secciones de ley pertinentes, 4 L.P.R.A. secs. 721 y 722, parece indicar que se le exige, a todo solicitante, tomar el examen de reválida de P.R., pues la sección 722 exige cumplir con los requisitos (1), (2), (3) y (4) de la sección 721, y el requisito (4) de la sección 721 es el someterse al examen de reválida. Sin embargo, un examen de la Sec. 2 de la Ley Núm. 17 de 10 junio de 1939, demuestra que se trata de un error en la compilación de L.P.R.A. El requisito (4) de la Ley de 1939 se refería a la presentación de un informe favorable de la Comisión de Reputación de Abogados. El error surge porque la sección 721 fue enmendada por la Ley Núm. 46 de 22 de junio de 1975 en la cual se eliminó el inciso (4) relativo a la presentación del informe, y se redesignó el anterior inciso (5) como inciso (4). La Sec. 722 nunca fue enmendada y permanece en su versión original.

71 D.P.R. 761 (1950); *In re Liceaga*, 82 D.P.R. 252 (1961); *In re Rodríguez Torres*, 106 D.P.R. 698 (1978).

■ En particular, en *Ex parte Jiménez*, 55 D.P.R. 54, 55–57 (1939), expresamos que:

> La admisión de una persona al ejercicio de la abogacía es una función de carácter puramente judicial. Entre las facultades inherentes a la rama judicial de nuestro Gobierno está la de determinar los requisitos que deberán cumplir y las cualidades que deberán reunir los solicitantes de una licencia para ejercer como abogados ante sus tribunales.

> . . . . . . . . .

> De acuerdo con la jurisprudencia citada debemos resolver que las disposiciones de la sección 1 de la Ley núm. 1 de marzo 21 de 1933, invocadas por el peticionario como base de su alegado derecho a ser admitido sin examen, constituyen condiciones mínimas fijadas por el poder legislativo, que en nada obligan a esta Corte Suprema, la cual conserva intacta su facultad inherente y estatutaria de fijar las condiciones y requisitos que deberán cumplirse por todo solicitante de una licencia de abogado.

■ Al amparo de dicho poder, esta Curia aprobó la Regla 12(a) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, que dispone:

> Todo[a] aspirante al ejercicio de la abogacía en el Estado Libre Asociado de Puerto Rico deberá aprobar un examen de reválida que será preparado y administrado por una Junta Examinadora de Aspirantes al Ejercicio de la Abogacía nombrada por este Tribunal.

Además, requerimos que todos los aspirantes también tienen que cumplir con los requisitos exigidos por la Comisión de Reputación nombrada por este Tribunal y obtener una certificación acreditativa de su buena reputación antes de poder juramentar ante el Tribunal Supremo.

■ Por otro lado, un examen de las disposiciones de nuestro Reglamento, relativas a la admisión al ejercicio de la abogacía, revela que no existe en él una disposición que regule la admisión por reciprocidad. Regla 11 (4 L.P.R.A.

Ap. XXI). Cabe señalarse que mediante Resolución de 18 de octubre de 1978 se añadió a la Regla 11 el inciso (f), que dispone los requisitos para una admisión por reciprocidad.(²) Dicho inciso fue eliminado mediante la Resolución de 20 de octubre de 1980.

 Por último, la disposición citada por la peticionaria de la Ley para Regular la Admisión al Ejercicio de la Profesión en Puerto Rico no es mandatoria, sino directiva, no solamente por razón de nuestro poder inherente para reglamentar la abogacía, sino por sus propios términos. Esta sección dispone que de cumplir un o una solicitante con sus requisitos, dicho aspirante *"podrá* ser admitida a ejercer en las cortes de Puerto Rico, sin examen ...". (Énfasis suplido.) 4 L.P.R.A. sec. 722. Por consiguiente, el estatuto tampoco nos impone el deber ministerial de admitir a dicho aspirante, sino que nos concede la discreción de hacerlo. Íd.

II

En el caso particular de la señora López Santiago, un examen de su expediente personal en la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía también revela que ella optó por tomar el examen de reválida en nuestra jurisdicción en septiembre de 1986 y en septiembre de 1987, y que no lo aprobó. Además, en atención a sus solicitudes ante la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía, accedimos a que contestara ambos exámenes en el idioma inglés. En virtud de estos resulta-

---

(²) Dicha resolución permitía, a *discreción del Tribunal*, eximir del examen de reválida a cualquier aspirante que hubiese sido admitido al ejercicio de la abogacía en cualquier estado de Estados Unidos, que por ley o reglamento y bajo disposiciones similares de reciprocidad, admitiese a los abogados de Puerto Rico a la práctica en su jurisdicción. Se exigía, además, que el solicitante acreditase su experiencia profesional en ese estado por un período no menor de cinco (5) años; no hubiese sido suspendido disciplinariamente de la profesión en ninguna jurisdicción estatal o federal; obtuviese una certificación de la Comisión de Reputación, y hubiese residido en Puerto Rico por los doce (12) meses anteriores a la fecha de solicitud.

dos, queda establecido objetivamente que la peticionaria no ha demostrado estar cualificada para ejercer la abogacía en nuestra jurisdicción y no es acreedora a ser admitida al ejercicio de la abogacía.

Por todas las razones expuestas anteriormente, *se deniega la petición de Jeannette López Santiago.*

*Se dictará la sentencia correspondiente.*