MC-99-6                                                    1

En el Tribunal Supremo de Puerto Rico

| JEANNETTE M. LOPEZ SANTIAGO EX PARTE  Peticionaria  V. | 99TSPR44 |
|---|---|

Número del Caso: MC-99-6

Abogados de la Parte Peticionaria: Por derecho propio

Abogados de la Parte Recurrida:

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 3/30/1999

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Jeannette M. López Santiago

  Ex Parte

  Peticionaria                                    MC-99-6

PER CURIAM

San Juan, Puerto Rico, a 30 de marzo de 1999.

I

El 16 de febrero de 1999 la señora Jeannette López nos solicitó admisión al ejercicio de la abogacía sin necesidad de aprobar el examen de reválida general que administra la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía. En su petición la señora López Santiago expone que cumple con los requisitos de la Sección 2 de la Ley para Regular la Admisión de Abogados al Ejercicio de la Profesión en Puerto Rico, Ley Núm. 17 de 10 de junio de 1939 sec. 2, 4 L.P.R.A. sec. 722, que dispone:

> Toda persona admitida a ejercer la abogacía en la Corte Suprema de cualquier Estado o Territorio de los Estados Unidos, o del Distrito de Columbia, o en la Corte de Distrito de los Estados Unidos para Puerto Rico, que hubiera estado ocupado activamente en el ejercicio de la abogacía durante dos (2)

o más años, incluyendo por lo menos un año de ejercicio en la Corte de Distrito de los Estados Unidos para Puerto Rico y que cumpliere con los incisos (1), (2), (3), y (4) de la sec. 721 de este título, podrá ser admitida a ejercer en las cortes de Puerto Rico, sin examen, dirigiendo a la Corte Suprema de Puerto Rico, una solicitud escrita haciendo constar bajo juramento todos los requisitos exigidos por las secs. 721 a 726, 740 y 741 de este título y presentando prueba al efecto.[1]

La peticionaria alega que cumple con los siguientes requisitos: es mayor de edad; residente de Cabo Rojo; recibió el grado de Juris Doctor de la Universidad de George Washington en 1983, la cual está acreditada por la American Bar Association; fue admitida, en 1984, a la práctica ante el Tribunal Apelativo del Distrito de Columbia; y desde 1989, fecha en que fue admitida a la práctica de la Corte de Distrito de lo Estados Unidos en Puerto Rico, ha ejercido activamente en dicha Corte.

Al examinar su petición partimos de la premisa de que tenemos el poder inherente para fijar las condiciones y requisitos que tiene que cumplir todo aspirante a una licencia de abogado en Puerto Rico. Igualmente tenemos la facultad inherente de reglamentar la conducta de la profesión. A tenor con estas facultades hemos resuelto que los requisitos establecidos por la legislatura en la Ley para Regular la Admisión de Abogados al ejercicio de la Profesión en Puerto Rico no nos limitan, y que dicha legislación es solo directiva y no mandatoria. In re Abella, 67 D.P.R. 229, 238 (1947); In re Bosch, 65 D.P.R. 248 (1945); In re González Blanes, 65 D.P.R. 381 (1945); In re Pagán, 71

---

[1] Debemos señalar que una lectura integrada de las secciones de ley pertinentes, 4 L.P.R.A. secc. 721 y 722, parece indicar que se le exige, a todo solicitante, tomar el examen de reválida de P.R., pues la sección 722 exige cumplir con los requisitos (1), (2), (3) y (4) de la sección 721 y el requisito (4) de la sección 721 es el someterse al examen de reválida. Sin embargo, un examen de la sec. 2 de la Ley Núm. 17 de Junio 10 de 1939, demuestra que se trata de un error en la compilación de L.P.R.A. El requisito (4) de la Ley de 1939 se refería a la presentación de un informe favorable de la Comisión de Reputación de Abogados. El error surge porque la sección 721 fue enmendada por la Ley Núm. 46 de 22 de junio de 1975 en la cual se eliminó el inciso (4) relativo a la presentación del informe, y se redesignó el anterior inciso (5) como inciso (4). La sección 722, nunca fue enmendada y permanece en su versión original.

D.P.R. 761 (1950); In re Liceaga, 82 D.P.R. 252 (1961); In re Rodríguez Torres, 106 D.P.R. 698 (1978).

En particular, en Ex parte Jiménez, 55 D.P.R. 54 (1939), expresamos que:

> La admisión de una persona al ejercicio de la abogacía es una función de carácter puramente judicial. Entre las facultades inherentes a la rama judicial de nuestro Gobierno está la de delimitar los requisitos que deberán de cumplir y las cualidades que deberán reunir los solicitantes de una licencia para ejercer como abogados ante sus tribunales.
>
> .................................................
>
> De acuerdo con la jurisprudencia citada debemos resolver que las disposiciones de la sección 1 de la Ley núm. 1 de marzo 21 de 1933, invocadas por el peticionario como base de su alegado derecho a ser admitido sin examen, constituyen condiciones mínimas fijadas por el poder legislativo, que en nada obligan a esta Corte Suprema, la cual conserva intacta su facultad inherente y estatutaria de fijar las condiciones y requisitos que deberán cumplirse por todo solicitante de una licencia de abogado.

Al amparo de dicho poder esta Curia aprobó la Regla 12(a) del Reglamento del Tribunal Supremo que dispone:

> Todo(a) aspirante al ejercicio de la abogacía en el Estado Libre Asociado de Puerto Rico deberá aprobar un examen de reválida que será preparado y administrado por una Junta Examinadora de Aspirantes al Ejercicio de la Abogacía nombrada por este Tribunal.

Además requerimos que todos los aspirantes también tienen que cumplir con los requisitos exigidos por la Comisión de Reputación nombrada por este Tribunal y obtener una certificación acreditativa de su buena reputación antes de poder juramentar ante el Tribunal Supremo.

Por otro lado, un examen de las disposiciones de nuestro Reglamento, relativas a la admisión al ejercicio de la abogacía, revela que no existe en el mismo una disposición que regule la admisión por reciprocidad. Regla 11, 4 L.P.R.A. AP.XXI, R.11. Cabe señalarse que mediante Resolución de 18 de octubre de 1978 se añadió a la Regla 11 el inciso (f) disponiendo los requisitos para una admisión por

reciprocidad.[2] Dicho inciso fue eliminado mediante la Resolución de 20 de octubre de 1980.

Por último, la disposición citada por la peticionaria de la Ley para Regular la Admisión al Ejercicio de la Profesión en Puerto Rico no es mandatoria, sino directiva, no solamente por razón de nuestro poder inherente para reglamentar la abogacía, sino por sus propios términos. Esta sección dispone que de cumplir un o una solicitante con sus requisitos, dicho aspirante "[…] podrá ser admitida a ejercer en las cortes de Puerto Rico, sin examen…". (Énfasis nuestro). Por consiguiente, el estatuto tampoco nos impone el deber ministerial de admitir a dicho aspirante, sino que nos concede la discreción de hacerlo. 4 L.P.R.A. sec. 722.

## II.

En el caso particular de la señora López Santiago, un examen de su expediente personal en la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía también revela que ella optó por tomar el examen de reválida en nuestra jurisdicción en septiembre de 1986 y en septiembre de 1987, y que no lo aprobó. Además, en atención a sus solicitudes ante la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía, accedimos a que contestara ambos exámenes en el idioma inglés. En virtud de estos resultados, queda establecido objetivamente que la peticionaria no ha demostrado estar cualificada para ejercer la abogacía en nuestra jurisdicción y no es acreedora a ser admitida al ejercicio de la abogacía.

Por todas las razones expuestas anteriormente, se deniega la petición de Jeannette López Santiago.

---

[2] Dicha Resolución permitía **a discreción del Tribunal** eximir del examen de reválida, a cualquier aspirante que hubiese sido admitido al ejercicio de la abogacía en cualquier estado de los Estados Unidos que por ley o reglamento y bajo disposiciones similares de reciprocidad admitiese a los abogados de Puerto Rico a la práctica en su jurisdicción. Se exigía además que el solicitante acreditase su experiencia profesional en ese estado por un período no menor de cinco años; no hubiese sido suspendido disciplinariamente de la profesión en ninguna jurisdicción estatal o federal; obtuviese una certificación de

Se dictará la sentencia correspondiente.

---

la Comisión de Reputación; y hubiese residido en Puerto Rico por los doce meses anteriores a la fecha de solicitud.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Jeannette M. Lopez Santiago

   Ex Parte

   Peticionaria

                                        MC-99-6




                          SENTENCIA


        San Juan, Puerto Rico, a 30 de marzo de 1999.


        Por las razones que se expresan en la Opinión del
Tribunal, la cual se hace formar parte integral de la
presente Sentencia, se deniega la petición de Jeannette
López Santiago.

        Lo acordó el Tribunal y certifica la Secretaria del
Tribunal Supremo.



                          Isabel Llompart Zeno
                       Secretaria del Tribunal Supremo