EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Nelson Vélez Lugo | Querella 2004 TSPR 135 162 DPR ____ |
|---|---|

Número del Caso: CP-2002-13

Fecha: 13 de agosto de 2004

Oficina del Procurador General:

> Lcdo. Roberto J. Sánchez Ramos
> Procuradora General
>
> Lcda. Vanesa Lugo Flores
> Subprocuradora General
>
> Lcda. Cynthia Iglesias Quiñones
> Procuradora General Auxiliar
>
> Keneth Pamias Velázquez
> Subprocurador General
>
> Lcdo. Héctor Clemente Delgado
> Subprocurador General Interino

Abogado de la Querellada:

> Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Nelson Vélez Lugo                                  CP-2002-13


OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 13 de agosto de 2004

La conducta que da lugar a la presente acción disciplinaria tiene su génesis en el caso <u>Doris M. Flores Ruiz</u>, *et als*. v. <u>Nelson Vélez Lugo</u>, *et als*., CD-1993-82, adjudicado ante el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Germán. En dicho caso se le imputó al licenciado Nelson Vélez Lugo[1] haber ocultado una deuda ascendente a mil doscientos dólares ($1,200) cuando cedió --mediante acuerdo verbal-- su vehículo de motor marca Volvo al

---

[1] El licenciado Nelson Vélez Lugo fue admitido por este Tribunal al ejercicio de la abogacía el 6 de junio de 1983 y al del notariado el 23 de junio de 1983.

matrimonio Bruckman-Flores. Según se alegó, el licenciado Vélez le informó a este matrimonio que el vehículo que les cedía adeudaba la suma de seis mil dólares ($6,000) como pago final residual.

Amparados en dicha información, el matrimonio Bruckman-Flores realizó el pago antes mencionado y llevó a cabo reparaciones en el vehículo por el total de tres mil cuatrocientos dólares ($3,400). Sin embargo, al enterarse que existía una deuda adicional de mil doscientos dólares ($1,200), el matrimonio entregó el vehículo a VELCO a cambio de que el querellado les reembolsara la suma de dinero que habían pagado en concepto de residual.

El licenciado Vélez Lugo no cumplió con su parte del acuerdo,[2] por lo que los querellantes presentaron una demanda en daños y perjuicios ante el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Germán, el 2 de febrero de 1993. Para esa misma fecha la señora Doris M. Flores Ruiz, parte demandante en la acción judicial antes mencionada, presentó ante este Tribunal una queja contra el licenciado Nelson Vélez Lugo. En vista de que la referida queja constituía copia fiel y exacta de la demanda presentada por la señora Flores Ruiz en contra del licenciado Vélez, este Tribunal ordenó la paralización del

---

[2] Esto es, el licenciado Vélez Lugo no le reembolsó al matrimonio demandante la suma de dinero que éstos pagaron en concepto de residual. Ello a pesar de que éste vendió el vehículo aquí en cuestión al señor Cesar Acosta Echevalier por la suma de $6,000.

proceso disciplinario hasta tanto el foro de instancia resolviera la referida acción.

Así las cosas, y luego de varios trámites procesales, el 14 de junio de 1999, el foro de instancia dictó sentencia condenando al licenciado Vélez Lugo a indemnizar al matrimonio Bruckman-Flores con la suma de doce mil cuatrocientos dólares ($12,400), suma que el querellado satisfizo.[3]

Finalizado el caso civil, el 2 de noviembre de 2001, referimos este asunto al Procurador General de Puerto Rico para la investigación e informe correspondiente, el cual fue presentado el 27 de marzo de 2002. Aun cuando en su informe el Procurador General reconoció el hecho de que la queja presentada por la señora Flores Ruiz surgió como consecuencia de una relación de negocios en el plano personal del querellado, éste entendió que la actuación del licenciado Vélez "es de tal naturaleza que incide en su vida profesional." En vista de ello, concluyó que con su conducta el querellado violó los Cánones 35[4] y 38[5] de Ética Profesional, 4 L.P.R.A. Ap. IX.

---

[3] Ello luego de que el Tribunal de Apelaciones y este Alto Foro denegaran --por violaciones a los respectivos reglamentos-- los recursos de *certiorari* presentados por el licenciado Vélez Lugo.

[4] En lo aquí pertinente, el Canon 35 de Ética Profesional lee como sigue:

> La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.

Mediante Resolución de 5 de abril de 2002, le concedimos término al licenciado Vélez Lugo para que se expresara respecto al Informe rendido por el Procurador General. En su comparecencia, el querellado alegó que él nunca vendió el vehículo aquí en cuestión a los esposos Bruckman-Flores, sino que, a solicitud de ellos mismos, cedió el referido vehículo al señor Bruckman con la condición de que se saldara en su totalidad la deuda que éste tenía pendiente con la arrendadora VELCO. Según explicó, la única razón por la que accedió a realizar esta cesión fue por la amistad de quince (15) años que le unía al señor Bruckman, quien en esos días había perdido su vehículo en un accidente automovilístico. Arguyó que el señor Bruckman tenía total conocimiento del monto de la deuda aquí en controversia ya que éste era "la persona que le llevaba la contabilidad y sabía de sus cuentas[,] tanto

---

[5] En lo aquí pertinente, el Canon 38 dispone:

> El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. En su conducta como funcionario del tribunal, deberá interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia. . . .

> Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable. . . .

personalmente como en su oficina de abogado." A base de ello, según indicó el querellado, "[é]l sabía de los balances adeudados de la VELCO [sic], en relación al automóvil en controversia . . . ."[6]

Luego de varios trámites procesales, el 14 de junio de 2002, le ordenamos al Procurador General formular la correspondiente querella, la cual fue presentada el 20 de noviembre de 2002. En la misma el Procurador adoptó todas y cada una de las determinaciones de hechos realizadas por el foro de instancia y le imputó al querellado la violación de los Cánones 35 y 38 de Ética Profesional, 4 L.P.R.A. Ap. IX.

Examinada la mencionada querella, así como la contestación sometida por el licenciado Vélez Lugo, designamos al Hon. Antonio Amadeo Murga, Ex Juez del Tribunal de Apelaciones, como Comisionado Especial y le encomendamos recibir la prueba correspondiente y rendir un informe con sus determinaciones de hecho y sus recomendaciones.

En su informe el Comisionado Especial reiteró las determinaciones de hechos emitidas por el Tribunal de Primera Instancia y concluyó que el licenciado Vélez Lugo

---

[6] En su escrito ante nos, el licenciado Vélez Lugo alega que en el caso ventilado ante el Tribunal de Instancia no salió a relucir toda la verdad sobre la controversia de autos, ya que los demandantes objetaron a su principal testigo, el Lcdo. Esmeraldo Vélez Vargas, quien es tío del querellante y fungió como su tutor por varios años. Según adujo, este testigo conoce de primera mano la forma y manera en que se llevó a cabo la transacción del vehículo en cuestión y puede dar fe de la veracidad de su versión.

violó los postulados contenidos en los Cánones 35 y 38 de Ética Profesional.[7]

Con el beneficio del informe del Comisionado y los comentarios que sobre el mismo hiciera el querellado, resolvemos.

I

Sabido es que este Tribunal tiene el poder inherente de reglamentar la profesión de la abogacía y disciplinar a aquellos abogados que incurran en prácticas o conducta reñida con los Cánones de Ética Profesional. Sin embargo, somos del criterio que ese poder no es irrestricto ni debe ser ejercitado como si fuéramos verdugos de nuestra clase togada. Tampoco debemos permitir que ese poder se convierta en punta de lanza para saciar la sed de venganza que contra un miembro de la profesión pueda tener un ciudadano en particular.

Aun cuando en innumerables ocasiones este Tribunal se ha expresado en torno a la necesidad de que todo miembro de la clase togada despliegue una conducta que exalte el honor y la dignidad de su profesión,[8] siempre hemos sido enfáticos al señalar que "no nos incumbe cualquier tipo de conducta

---

[7] Resulta importante señalar que en la vista celebrada ante el Comisionado Especial sólo testificó el querellado Vélez Lugo, luego de que el Comisionado se negara a reseñalar la misma por entender que el querellado tuvo tiempo suficiente para citar a los testigos anunciados.

[8] *In* re Sánchez Rodríguez, 123 D.P.R. 876 (1989); *In re* Ríos Lugo, 119 D.P.R. 568 (1987); *In re* Roldán Figueroa, 106 D.P.R. 4 (1977).

privada del abogado, sino sólo aquella que le hace indigno de pertenecer al foro." *In re* Sepúlveda Valentín, res. el 27 de septiembre de 2001, 2001 T.S.P.R. 137; *In re* Ramírez Ferrer, 147 D.P.R. 607, 616 (1999); *In re* Liceaga, 82 D.P.R. 252 (1961). En ese sentido hemos resuelto que mediante "un procedimiento disciplinario, más allá de castigar al abogado por la falta cometida, procuramos proteger a la comunidad y a la profesión mediante una investigación de las condiciones morales del querellado para determinar si éste puede, y debe, continuar ejerciendo la honrosa profesión a la cual fue admitido por este Tribunal." *Ibid*.

En el presente caso un abogado fue demandado civilmente por haber incumplido con una obligación económica y haber ocasionado angustias a los demandantes. Éstos tuvieron su día en corte y resultaron victoriosos, por lo que el licenciado Vélez se vio obligado a indemnizar los daños causados. En la mayoría de los casos, y ante un cuadro fáctico como este, ese sería el único remedio judicial que tendría un demandante. Sin embargo, cuando el demandado es abogado existe la posibilidad de que el demandante-querellante presente una queja que dé paso a un procedimiento disciplinario en su contra.

Vemos, pues, que su condición de abogado coloca a los miembros de la profesión en una situación única y particular, la cual no es compartida por otros profesionales en nuestro País. Ante esta situación, este

Tribunal debe ser sumamente cauteloso, y prudente, en el ejercicio del poder inherente que posee de reglamentar la profesión de abogado, sin olvidar lo expresado en *In re* Sepúlveda Valentín, ante, a los efectos de que a este Tribunal no le incumbe cualquier tipo de conducta privada del abogado, sino sólo aquella que le haga indigno de pertenecer a esta honrosa profesión.

Lo anterior significa que, al enfrentarnos a un procedimiento disciplinario, es necesario e indispensable que nos preguntemos si la conducta que se le imputa al abogado verdaderamente le hace indigno de pertenecer al foro. A esos fines, debemos analizar, y determinar, si la conducta imputada realmente afecta las condiciones morales del abogado. Somos del criterio que únicamente ante tales circunstancias debería instarse un procedimiento disciplinario en estos casos.

II

Un examen minucioso y objetivo de los hechos del presente caso nos lleva a coincidir con el Comisionado Especial y con el Procurador General en cuanto a que la conducta en que incurrió el abogado querellado en nada exalta el honor y la dignidad de su profesión. Ahora bien, somos del criterio que dicha conducta no lo hace "indigno de pertenecer al foro", por lo que no debe ser utilizada por este Tribunal a los fines de imponerle sanciones disciplinarias u ordenar la suspensión del letrado de la

práctica de la abogacía.[9] Entendemos que estamos ante un caso en que el abogado debe responder, como en efecto lo hizo, por sus actuaciones ante los foros judiciales pertinentes, sin que este Tribunal le imponga un segundo castigo por su conducta.

Es de advertir que en todos los casos en que este Tribunal ha ejercitado su poder inherente para disciplinar a un abogado por conducta privada impropia hemos procedido a analizar los hechos particulares de cada caso en busca de indicios que nos permitan evaluar si la conducta imputada afecta las condiciones morales del querellado. Véase: *In re Sepúlveda Valentín*, ante. En ese sentido no podemos ignorar el hecho de que al iniciar un procedimiento disciplinario el norte que en todo momento debe guiar a este Tribunal es el interés de proteger la comunidad y la profesión en general, sin convertir nuestra jurisdicción disciplinaria en un remedio judicial adicional de castigo para el abogado.

### III

En virtud de todo lo antes expuesto, somos del criterio que en el presente caso la conducta del licenciado

---

[9] En ese sentido es importante resaltar la normativa establecida por este Tribunal a los efectos de que no estamos obligados a aceptar el informe y recomendación del Comisionado Especial nombrado para atender la querella contra un abogado. Ello significa que, ante un informe rendido por un Comisionado Especial, este Tribunal podrá adoptar, modificar o rechazar el mismo. Véase: *In re Sepúlveda Valentín*, res. el. 27 de septiembre de 2001, 2001 T.S.P.R. 137; *In re* López de Victoria Brás, 135 D.P.R. 688 (1994); *In re* Soto López, 135 D.P.R. 642 (1994); Vélez Ruiz v. E.L.A., 111 D.P.R. 752 (1954).

Vélez Lugo, aunque inadecuada, ciertamente no lo hace indigno de ejercer la profesión legal en nuestra jurisdicción. Concluir lo contrario --avalando así la posición del Comisionado Especial y del Procurador General-- definitivamente, tendría el peligroso efecto de ampliar excesivamente el alcance de los postulados contenidos en los Cánones 35 y 38 de Ética Profesional, lo cual, a nuestro juicio, constituiría una normativa altamente vaga e imprecisa que situaría a cualquier abogado en riesgo de perder el título mediante el cual se gana el sustento de él y de los suyos.

En fin, por entender que la imposición de sanciones disciplinarias en el presente caso sacaría de proporción el poder inherente de este Tribunal para reglamentar la profesión, ordenamos el archivo de la querella presentada en contra del licenciado Nelson Vélez Lugo. Con ello aseguramos que en el futuro este Tribunal no pueda ser utilizado como "instrumento de venganza" para establecer castigos adicionales en contra de aquellos abogados que incurran en actuaciones culposas o negligentes que ameriten la presentación de acciones civiles ante nuestros tribunales.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Nelson Vélez Lugo                    CP-2002-13

SENTENCIA

San Juan, Puerto Rico, a 13 de agosto de 2004

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se ordena el archivo de la querella presentada en contra del licenciado Nelson Vélez Lugo.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río disiente sin opinión escrita. El Juez Asociado señor Fuster Berlingeri no intervino. El Juez Asociado señor Rivera Pérez no interviene.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo