In re Justo A. Casablanca, peticionario.

No. 25.—*Sometido:* Enero 28, 1932. *Resuelto:* Febrero 26, 1932.

*A. Martínez Dávila,* abogado del peticionario.

El Juez Asociado Señor Aldrey, emitió la opinión del tri-
bunal.

El abogado Justo A. Casablanca nos pide que lo admita-
mos al ejercicio de su profesión. El obtuvo ese título en
1919, pero después de varias actuaciones no fué admitido por
nosotros al ejercicio de la abogacía por resolución de 15 de
noviembre de 1921 por haber cometido dos delitos graves,
a pesar de que cumplidas sus sentencias el Gobernador de
esta Isla lo indultó restableciéndolo en sus derechos civiles
y políticos y aunque la Comisión de Reputación de Aspiran-
tes al Ejercicio de la Abogacía nos informó que podía ser
admitido. 30 D.P.R. 399. Desde entonces y en repetidas
ocasiones ha hecho la misma súplica que ahora pero les fue-
ron negadas. Ultimamente, en 16 de diciembre de 1931, pre-
sentó igual petición y señalamos un día para oír su prueba
en audiencia pública. En ella comparecieron los abogados
en ejercicio don Juan B. Huyke, don Rodolfo Ramírez Pa-
bón y don Federico Pérez Almiroty, que es Subprocurador
General de esta Isla, así como el Dr. Eugenio Fernández Gar-
cía y don Enrique Adsuar y declararon bajo juramento que

el peticionario ha observado desde el tiempo en que fué negada su admisión al ejercicio de la abogacía una conducta honrada y que lo consideran digno de que se le permita trabajar como abogado. También fué presentada en igual sentido una declaración jurada ante un notario por el Juez Municipal de Bayamón y otra del jefe de la Policía Insular del distrito de Río Piedras. En otro escrito firmado por cuarenta y seis abogados se hacen idénticas manifestaciones.

Estamos seguros de haber cumplido con nuestro deber al no admitir en 1921 al peticionario al ejercicio de la profesión de abogado en atención a los delitos que cometió y a las grandes responsabilidades y privilegios que son secuela del ejercicio de la profesión de abogado. Así lo reconoce ahora el peticionario. Pero entonces dijimos, cita *supra,* lo siguiente:

"No queremos decir que Casablanca esté para siempre impedido. Quizá a virtud de repetidos actos reveladores de una reforma sólida, pueda demostrar a esta misma corte que está en condiciones de ejercer la profesión de abogado."

Por consiguiente, la única cuestión a resolver en el presente caso es si la conducta posterior del peticionario es de tal naturaleza que justifique que accedamos a su solicitud, según lo hemos hecho en los casos *In re Torregrosa,* 34 D.P.R. 312, y de *In re Figueroa Maestre,* 38 D.P.R. 955.

En vista del número de abogados que acreditan la buena conducta actual del peticionario y que recomiendan su admisión, y también de las otras personas que se expresan en igual sentido, no tenemos inconveniente en aceptar que el peticionario Justo A. Casablanca se halla ahora capacitado por su conducta para asumir honradamente los deberes que le impone su título de abogado y por tanto debe accederse a su solicitud.