### In re ANTONIO CORTÉS OSTOLAZA

*Numero:* O-73-337          *Resuelto:* 2 de diciembre de 1974

*Myriam Naveira de Rodón, Procuradora General, y Candita R. Orlandi y Lirio Bernal Sánchez, Procuradores Generales Auxiliares,* abogados de El Pueblo; *Benicio Sánchez Castaño,*

*Benicio Sánchez Rivera, Felipe Benicio Sánchez, Víctor Gutiérrez Fernández* y *Joaquín Correa Suárez,* abogados del querellado.

PER CURIAM: El querellado Antonio Cortés Ostolaza fue admitido al ejercicio de la abogacía y del notariado en el 1957. En mayo de 1972 lo separamos permanentemente del ejercicio del notariado. En octubre de 1973 el Procurador General le formuló querella imputándole conducta negligente e impropia al no hacer las diligencias pertinentes y adecuadas para proteger los intereses de su cliente en la tramitación de recursos apelativos de causas criminales y al radicar escritos ante este Tribunal conteniendo alegaciones que el querellado sabía o debía saber eran falsas. El querellado no contestó la querella.

El Comisionado Especial celebró vistas y nos ha rendido un informe del cual transcribimos las determinaciones de hecho esenciales:

"  .     .     .     .     .     .     .     .

2. Por moción escrita, fechada y radicada en 18 de junio de 1971, el querellado convino en asumir la representación legal de la convicta Francisca Cotto Vega, en la etapa apelativa en las causas criminales ante el Tribunal Superior—Sala de Caguas en los casos de dicha Sala G69-203, G69-204 y G69-205. El Pueblo de Puerto Rico vs. Francisca Cotto Vega por 'Infracción a la Ley de Drogas'. Era otro el abogado de récord de la acusada-convicta en estos casos o cargos y quien había atendido el proceso en el Tribunal Superior (Lcdo. E. L. Belén Trujillo). La moción del querellado asumiendo la nueva referida representación profesional de la convicta y apelante fue declarada con lugar por el Tribunal ....

3. ... surge que en los casos antes mencionados se ordenó la transcripción de la evidencia, no se solicitó beneficio de pobreza, no se consignaron los honorarios del taquígrafo y no se efectuó gestión alguna por parte del querellado para perfeccionar la apelación y descargar la responsabilidad asumida ...

4. ... el querellante solicitó del Tribunal Supremo la desestimación de la apelación en los referidos casos G69-203 al 205 ....

5. . . . el querellado . . . se opone a la desestimación solicitada. Esta moción indica

'Que la acusada apelante tiene interés en continuar con su apelación, y la razón por la cual no se han consignado los honorarios del taquígrafo es que fue notificado por uno de los taquígrafos, [*sic*] notificó de sus honorarios el día 15 de noviembre de 1972.' (Ex. 1A Procurador General.)

Es en esta misma moción que se añade y se afirma categóricamente

'Que la acusada-apelante está consignando los honorarios del taquígrafo para así continuar con la apelación, ya que existen cuestiones sustanciales de derecho que podrán cambiar el fallo condenatorio. Que el abogado que suscribe será el que estará a cargo para continuar la apelación.'

6. . . . el Tribunal Supremo ordenó a la apelante que acreditara debidamente la consignación de los honorarios del taquígrafo en los mencionados casos . . . . Se ordenó además que se acreditara debidamente la notificación del taquígrafo de fecha 15 de noviembre de 1972.

7. . . . el querellado radicó . . . 'Moción de Reconsideración' en los casos M73-7 y M73-10 del Tribunal Supremo y se refiere a los sus ya mencionados casos G69-203 al 205 y a otros casos G69-385 y 386 todos de la Sala de Caguas del Tribunal Superior por Infracciones Ley de Drogas contra Francisca Cotto Vega . . . .

En tal '*Moción de Reconsideración*' afirma el querellado que el Tribunal Supremo 'había desestimado el recurso de apelación por abandono' el 14 de febrero de 1973, y afirma el querellado que el 12 de febrero de 1973 el Tribunal Supremo 'le concedió un término para acreditar el pago de los honorarios de taquígrafo' y en tal moción solicita el querellado un término de 15 días 'para consignar los honorarios de los taquígrafos que intervinieron en este caso . . . .

8. . . . el Tribunal Supremo ordena la investigación de la conducta del querellado en vista de que por la '*Moción* para que no se *Desestime*" . . . afirma que el apelante estaba consignando los honorarios del taquígrafo y en su siguiente '*Moción de Reconsideración*' . . . aparece que no se habían consignado todavía tales honorarios de taquígrafo y que solicita término para ello . . . .

9. La señora Francisca Cotto Vega fue representada en el Tribunal Superior Sala de Caguas, durante la vista de los, varias veces, referidos casos G69-203 al 205 por el Lcdo. Belén Trujillo, presidiendo el Tribunal el Hon. C. Bastián Ramos (Juez).

10. La misma acusada fue representada en otros o distintos casos ante la misma Sala del Tribunal en sus casos G69-385 y 386 por el Lcdo. Manuel Pérez Sierra y luego de convicta, sentenciada por el Hon. José Villares (Juez) el día 8 de marzo de 1971. En estos casos también se radicó apelación a instancias del querellado y quién también se hizo cargo de estas otras apelaciones."

Luego el querellado hizo gestiones y consiguió fianzas pendiente de apelaciones para la convicta ante el propio Tribunal Superior pero nada se hizo para perfeccionar las apelaciones para ante el Tribunal Supremo.

Las apelaciones en los referidos casos G69-385 representados en el Tribunal Superior por el Lcdo. Manuel Pérez Sierra, a petición del Procurador General, fueron desestimadas por abandono por Resolución del Tribunal Supremo de 14 de febrero de 1973.

11. Los casos G70-579 al 581 contra la misma Francisca Cotto Vega (Exhibits 3A, 3B y 3C del Procurador) fueron vistos en la Sala de Caguas del Tribunal Superior representada por el propio Lcdo. Antonio Cortés Ostolaza ante el Juez, Hon. Carlos Bastián Ramos.

Se radicó escrito de apelación por el propio querellado, Lcdo. Cortés Ostolaza. También se consiguió fianza pendiente apelación.

12. Estos últimos casos (G70-579-581) a solicitud del Procurador General . . . fueron desestimados por abandono por Resolución del Tribunal Supremo de fecha 23 de febrero de 1973. Habían sido apelados el 20 de octubre de 1971. Se había obtenido afianzamiento durante apelación pero nada se había hecho para perfeccionar tal apelación.

13. Más de 3 meses más tarde, en junio 8 de 1973, y aduciendo que por haberse desestimado las apelaciones en los referidos casos G70-579 al 581 el querellado solicita del Tribunal Supremo la desestimación de los recursos de apelaciones Números G69-203 al 205 y G69-385 al 386.

. . . . . . . .

23. Finalmente declaró el propio querellado Lcdo. Antonio Cortés Ostolaza. Admitió que él asumió la representación de la

apelante Francisca Cotto Vega en todos los ocho casos de que fue convicta y en etapas apelativas.

Admitió que por su *'Moción para que no se Desestime'* que fechada 25 de enero de 1973 se radicara en el Tribunal Supremo en 30 de enero de 1973, él (el querellado) en oposición de la Moción del Procurador General solicitó del Tribunal Supremo no se desestimaran dichas apelaciones. Tal moción o solicitud se radicó con la información falsa de que se estaban consignando los honorarios de taquígrafos. En lo pertinente tal moción reza así:

'Que la acusada-apelante *está consignando los honorarios del taquígrafo* para así continuar con la apelación ya que existen cuestiones sustanciales de derecho que podrían cambiar el fallo condenatorio. Que el abogado que suscribe será el que estará a cargo para continuar apelación.' [Énfasis suplido.]

En su testimonio oral el querellado justifica la falsa aseveración 'que la acusada-apelante está consignando los honorarios' por creer que la hija de la apelante iba a depositar dichos honorarios simultáneamente a la radicación de la referida moción. (Los honorarios del taquígrafo tenían que consignarse en la Sala de Caguas del Tribunal Superior. La Moción era para radicarse y se radicó en el Tribunal Supremo.)

En el contrainterrogatorio el querellado admitió que no compareció a la oficina del Procurador General al ser citado en relación a la investigación que se llevaba a cabo. No radicó escrito alguno aclarando ni exponiendo defensa. Admitió haber recibido copia de las mociones de desestimación en los recursos de apelación que motivaron esta querella y del Escrito Informativo radicado por el Procurador General en el Tribunal Supremo. Asimismo admitió que no consignó los honorarios del taquígrafo posterior al recibo del referido Escrito Informativo, ni hizo gestión alguna para perfeccionar la apelación en los recursos apelativos pendientes. No pidió beneficio de pobreza. Manifestó que 'estaba bajo la impresión se habían consignado' los referidos honorarios.

Fue en 'Moción de Reconsideración' radicada mucho más tarde Febrero 26, 1973 que el querellado solicitó al Tribunal Supremo 'término de 15 días' 'para consignar los honorarios' había en moción radicada 30 de enero de 1973 manifestado 'que la acusada apelante estaba consignando'."

Surge de las anteriores determinaciones de hecho que el querellado Antonio Cortés Ostolaza faltó al cumplimiento de su deber con su cliente al no defender diligentemente los intereses de éste en el trámite de varias apelaciones interpuestas provocando con su conducta que las mismas se desestimaran. Igualmente el querellado Cortés Ostolaza faltó al cumplimiento de su deber para con este Tribunal al afirmar un hecho que le constaba que era falso, como lo fue el informar en su moción de 25 de enero de 1973 el estar consignando los honorarios del taquígrafo para continuar con la apelación cuando ello era falso.

Ha faltado el querellado a la confianza que en él depositaron su cliente y este Tribunal entorpeciendo con su conducta una recta administración de justicia, *razón por la cual debe ser separado permanentemente del ejercicio de la abogacía. Se dictará sentencia de conformidad.*