COLEGIO DE ABOGADOS DE PUERTO RICO, querellante, *v.* LCDO. REGINALD J. BARNEY, querellado.

*Número:* O-80-199      *Resuelto:* 17 de junio de 1980

*Ángel L. Tapia Flores,* Presidente del Colegio de Abogados de Puerto Rico, abogado del querellante; el querellado no compareció.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

El Colegio de Abogados de Puerto Rico ha acudido ante nos en cumplimiento de su deber de velar por que los abogados desempeñen "su alto ministerio con la mayor y más excelsa competencia, responsabilidad e integridad" —Preámbulo, Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX—conforme a los Cánones de Ética Profesional, que fueron adoptados por el propio Colegio, con la aprobación de este Tribunal, según lo dispone la ley que crea el Colegio de Abogados, 4 L.P.R.A. sec. 773. Solicita el Colegio que se impongan medidas disciplinarias al Lcdo. Reginald J. Barney por no cumplir la promesa que éste hiciera al Comité de Ética del Colegio, de pagar al arrendador de su oficina los cánones de arrendamiento vencidos que correspondían a dos meses. Véase Regla 13, Reglamento del Tribunal Supremo. Resolvemos que no proceden las sanciones solicitadas. Veamos.

Este Tribunal ha demostrado, en los últimos años especialmente, su preocupación por la observancia, de parte de los abogados, de los cánones mencionados, y ha tomado la acción disciplinaria que ha creído apropiada respecto a abogados que han incumplido las normas de conducta por ellos requeridas. Al así actuar hemos

respondido a nuestra ineludible responsabilidad de "instituir y mantener un orden jurídico íntegro y eficaz, que goce de la completa confianza y apoyo de la ciudadanía".

La queja presentada por el Colegio de Abogados contra el abogado Reginald J. Barney titulada "Querella sobre la Suspensión del Ejercicio de la Profesión Legal", está centrada en la falta de pago de dos meses de arrendamiento sobre el local en el que radica su oficina profesional. Surge de los términos de la querella que, al comparecer el abogado ante la Comisión de Ética del Colegio, se comprometió a resolver el asunto que motivaba la queja del ciudadano. No habiendo el abogado cumplido con el pago de los cánones de arrendamiento adeudados, la Comisión de Ética refirió la cuestión a la Junta de Gobierno del Colegio y ésta recomendó la iniciación del procedimiento para disciplinar al querellado.

La ley que reglamenta el ejercicio de la abogacía —4 L.P.R.A. secs. 721–742— dispone, en lo que es aquí pertinente sobre suspensión o destitución de un abogado, lo siguiente:

"El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), *en conexión con el ejercicio de su profesión* o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados." Sec. 735, *ibid.* (Énfasis último suplido por nosotros.)

No obstante la disposición legal transcrita, hemos resuelto reiteradamente que la separación del ejercicio de la abogacía, al igual que la admisión a ese

ejercicio, es facultad inherente a este Tribunal. *In re Liceaga*, 82 D.P.R. 252, 255 (1961); *In re Pagán*, 71 D.P.R. 761, 763 (1950); *In re Abella*, 67 D.P.R. 229, 238 (1947); *In re González Blanes*, 65 D.P.R. 381, 390–391 (1945). Siendo inherente tal facultad, podemos ordenar la separación de un abogado por motivos distintos de aquellos que para el desaforo ha decretado la Asamblea Legislativa. La causa no tiene que ser necesariamente de origen legislativo. *In re Liceaga*, supra, a la pág. 255; *In re González Blanes*, supra, a la pág. 391; *In re Tormes*, 30 D.P.R. 267, 268–269 (1922). Hemos suspendido y disciplinado, en múltiples ocasiones, a abogados que incumplen los Cánones de Ética que rigen la profesión de abogado. *In re Vargas Soto*, 108 D.P.R. 490 (1979); *In re Clavell Ruiz*, 108 D.P.R. 259 (1978); *In re Cardona Vázquez*, 108 D.P.R. 6 (1978); *In re Rojas Flores*, 107 D.P.R. 564 (1978); *In re Pagán Hernández*, 105 D.P.R. 796 (1977); *In re Cortés Ostolaza*, 103 D.P.R. 72 (1974); *In re Segarra*, 102 D.P.R. 590 (1974); *In re Coll Pujols*, 102 D.P.R. 313 (1974); *In re Guzmán*, 82 D.P.R. 235 (1961); *In re Cruz Disdier*, 70 D.P.R. 453 (1949).

Aún más, hemos resuelto que si se demuestra que la conducta del abogado no le hace digno de ser un miembro de este foro, podemos ejercer nuestra facultad de desaforo aunque las actuaciones del abogado hayan surgido por causas no relacionadas con el ejercicio de su profesión, pues basta que tales actuaciones afecten las condiciones morales del querellado. *In re Liceaga*, supra, a las págs. 255–256; *In re Abella*, supra, a la pág. 238; *In re Tormes*, supra, a la pág. 270.

Se desprende de los hechos expuestos en la querella que la queja contra el abogado Barney se refiere a una deuda surgida del arrendamiento del local donde ubica su oficina profesional. Esto, sin más, no constituye la conducta inmoral (*malpractice*) a que se refiere la ley, los

cánones de ética profesional y las normas que hemos establecido en el pasado. La actuación del abogado, aunque reprochable, puede repararse, como la de cualquier otro profesional o ciudadano, mediante los procedimientos establecidos por ley, esto es, vía desahucio o acción en cobro de dinero. No debe moverse la maquinaria del Colegio de Abogados ni la de este Tribunal para el cobro de una cuenta. Ni este Tribunal ni el Colegio de Abogados ejercen tutela sobre todas las actuaciones personales de los abogados, ya que no toda conducta impropia de un abogado lo sujeta a sanciones disciplinarias, sino solamente aquella prevista en ley, en los cánones de ética o reglada por este Tribunal.

El Colegio apoya su contención de conducta "inmoral, ilegal e impropia" en lo resuelto por el Tribunal en *In re Díaz García*, 104 D.P.R. 604 (1976). Allí separamos al abogado del ejercicio de la abogacía por *un patrón de conducta* "inmoral, ilegal e impropia" contraria a los principios expuestos en el Código de Ética Profesional, consistente en haber retenido indebidamente tres pagarés hipotecarios al portador pertenecientes a un cliente; haber cambiado un cheque sin autorización de su cliente; haber desobedecido una orden judicial relativa a la entrega o pago de dicho cheque; haber omitido inscribir una escritura en el Registro de la Propiedad no obstante haber cobrado el importe correspondiente a los sellos de rentas internas; haber hecho caso omiso de la querella notificádale sin que contestara los cargos a pesar de habérsele notificado la querella seis meses antes; y haberse negado a pagar el canon de arrendamiento de su oficina profesional durante dos años. Nótese que esta negativa al pago de cánones de arrendamiento fue solamente un eslabón en la cadena de actuaciones que motivó la presentación de la querella y que condujo a nuestra medida disciplinaria.

■ Por otro lado, incumplir una promesa hecha a la Comisión de Ética del Colegio no puede conducir a un

proceso disciplinario, si la materia a que se refiere la promesa no versa sobre la conducta profesional que nos toca regular. De lo contrario, este Tribunal se convertiría en el organismo ejecutor de cualquier compromiso entre los abogados y el Colegio, no obstante que la materia a que se refiera dicho compromiso no guarde relación con la conducta profesional del abogado.

*En mérito de lo expuesto debe dictarse resolución decretando el archivo de la querella instada.*

El Juez Asociado Señor Negrón García suscribió opinión disidente a la que se unen el Juez Presidente Señor Trías Monge y el Juez Asociado Señor Rigau.

—O—

Opinión disidente del Juez Asociado Señor Negrón García, a la cual se unen el Juez Presidente Señor Trías Monge y el Juez Asociado Señor Rigau.

San Juan, Puerto Rico, a 17 de junio de 1980

Con el archivo de esta querella se socava y debilita el papel asumido por primera vez por el Colegio de Abogados de Puerto Rico en el descargo de su encomienda legislativa de "recibir e investigar las quejas que se formulen respecto a la conducta de los miembros en ejercicio de la profesión . . . [e] instituir . . . procedimiento de desaforo", [1] y, además, se reduce a escombros el valor y contenido deontológico de la promesa de pago de deuda hecha por un abogado a un ciudadano *ante* su Comisión de Ética durante el trámite investigativo.

Los hechos no contradichos en esta etapa del proceso [2] son: "1) Que el Sr. Miguel A. Vélez radicó querella ante la

[1] Ley Núm. 43 de 14 de mayo de 1932, según enmendada, 4 L.P.R.A. sec. 772(g).

[2] El archivo se funda en que la querella no justifica acción disciplinaria. Hemos de tomar como ciertos los hechos a los fines de evaluarla, pues la situación es análoga al enfoque que se brinda a una moción de desestimación.

Comisión de Ética el 27 de abril de 1979 contra el Lcdo. Reginald J. Barney. (Exhibit I)[;] 2) Que la querella presentada se fundamenta en la negativa del querellado a pagar dos meses del Canon de Arrendamiento acordado para local de su oficina, sita en la Calle O'Neill #189, Pda. 20. (Exhibit II)[;] 3) Que el procedimiento administrativo ante la Comisión de Ética fue debidamente cumplimentado habiendo finalizado éste al concurrir las partes envueltas a vista el 2 de octubre de 1979[;] 4) Que durante la vista se le advirtió al querellado que la conducta demostrada era impropia y antiética *dándosele oportunidad para que resolviera el asunto llegando a un acuerdo con el querellante.* El querellado se comprometió a resolverlo [y;] 5) Que el 3 de enero de 1980 nos comunicamos con el Señor Vélez, para que nos informara si el Licenciado Barney había cumplido con su compromiso de resolver el asunto planteado ante la Comisión. El querellante, Sr. Miguel A. Vélez, nos informó en carta fechada 4 de enero de 1980 que hasta ese momento el Licenciado Barney no había satisfecho la deuda. (Exhibit III)." (Énfasis nuestro.)

Admitimos que, de ordinario, el cobro de una deuda personal de un abogado es materia que compete adjudicar a los tribunales y no a los foros disciplinarios profesionales. Sin embargo, esta regla no es inflexible—*In re Díaz García,* 104 D.P.R. 604 (1976)—y como veremos, de aplicación al caso de autos por un fundamento procesal y otro sustantivo.

Primeramente, no alcanzamos a comprender cómo puede sostenerse la interpretación restrictiva de que la falta de pago del canon del local de la *oficina de un abogado,* "no tiene relación con su conducta profesional". Podrá argüirse por otras razones que es un asunto que no debe ser objeto de investigación por el Colegio de Abogados y este Tribunal, pero resulta innegable y claro el vínculo racional, lógico y real que toda oficina tiene con el ejercicio de una profesión.

En segundo lugar, en las circunstancias de autos, es irrelevante la caracterización que se haga sobre la cuestión

que originó la queja, pues una vez iniciada y seguida la ruta del Colegio como foro disciplinario sin objeción del abogado Barney, ¿puede afirmarse válidamente que la aceptación y promesa de pago de tal deuda carece de sentido ético y eficacia legal? No lo creemos. Lo determinante es el compromiso.

"Los campos profesionales se caracterizan además por la existencia de criterios ideales de superación, de objetivos que jamás se alcanzan en su totalidad, pero cuya incitación mantiene en forma a la clase profesional. Si esos criterios valorativos se descartan y si desaparecen las instancias ejemplares, *se pierde la visión del debe ser y queda desmoralizada e invertebrada la profesión.*" [3] (Énfasis nuestro.)

En virtud de lo expuesto, disentimos. Concederíamos al abogado Barney término para que compareciera a exponer razones por las cuales no deberíamos imponerle medidas disciplinarias por incumplir el compromiso contraído ante la Comisión de Ética del Colegio de Abogados respecto al pago de los cánones de arrendamiento.

---

[3] J. Benítez, *La Función Social del Abogado,* 17 Rev. C. Abo. P.R. 233 (1957).